**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J Platek,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-01161-PHX-MTL<br><br>**ORDER** |

  Pending before the Court is Plaintiff Robert J. Platek's Counsel's Petition for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 32.) Section 406(b)(1) authorizes the recovery of reasonable attorney fees from the award of past-due benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

  Plaintiff prevailed in his appeal to this Court from the administrative law judge's decision. The Social Security Administration calculated Plaintiff's past-due benefits as

$227,992.00. It withheld $56,998.00, representing 25 percent of the past-due benefits, to pay for potential attorney fees.

Having successfully litigated this case, Plaintiff's Counsel seeks an award of $21,170.00 in fees from Plaintiff's recovery. The Court previously awarded Plaintiff $2,351.21 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Docs. 28, 31.) Plaintiff's Counsel acknowledges that a § 406(b)(1) fee award must be offset by the previously awarded EAJA attorney fee.

The Court finds that the representation agreement between Plaintiff and his Counsel represents a lawful contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court further finds that the hourly rate of $700 for work performed before the District Court, and $500 for work performed before the Ninth Circuit, are reasonable hourly rates considering the type of work, Counsel's experience, and the contingency nature of the fee agreement. The Court finds that the hours expended by Counsel at the District Court and at the Ninth Circuit are reasonable. Finally, the Court finds that the requested fee award is well below the statutory cap of 25 percent of the total past-due benefits.

Accordingly,

**IT IS ORDERED** that the Motion (Doc. 32) is **GRANTED**. Plaintiff's Counsel is awarded attorney's fees in the amount of $21,170.00 pursuant to 42 U.S.C. § 406(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall reimburse Plaintiff in the amount of $2,351.21, representing the EAJA fees previously awarded.

Dated this 5th day of December, 2023.

Michael T. Liburdi
United States District Judge